JUDGE RAKOFF                    11 CV 2187

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,                          :

        Plaintiff,                          :                **VERIFIED COMPLAINT**

      - v. -                                  :           11 Civ.

$7,870,530.02 FORMERLY ON DEPOSIT AT      :
BBVA COMPASS BANK IN ACCOUNT NUMBER
2525668196, HELD IN THE NAME OF QUAD      :
GRAPH, and

                           :

$47,137.91 FORMERLY ON DEPOSIT AT         :
BBVA COMPASS BANK IN ACCOUNT NUMBER
2525763350, HELD IN THE NAME OF ANDY      :
SURFACE;

        Defendants-in-rem.                 :
- - - - - - - - - - - - - - - - - - - x

RECEIVED MAR 30 2011 U.S.D.C. S.D.N.Y. COMPLETED

       Plaintiff United States of America, by its attorney,

Preet Bharara, United States Attorney for the Southern District

of New York, for its complaint alleges as follows:

## I.   JURISDICTION AND VENUE

       1.   This action is brought pursuant to Title 18,

United States Code, Section 981(a)(1)(A) by the United States of

America seeking the forfeiture of the following:

> $7,870,530.02 FORMERLY ON DEPOSIT AT BBVA
> COMPASS BANK IN ACCOUNT NUMBER 2525668196,
> HELD IN THE NAME OF QUAD GRAPH (the "Quad
> Graph Account"), and

> $47,137.91 FORMERLY ON DEPOSIT AT BBVA
> COMPASS BANK IN ACCOUNT NUMBER 2525763350,
> HELD IN THE NAME ANDY SURFACE (the "Surface
> Account")

(together, the "Defendant Funds").

2.    The Defendant Funds are property that constitutes or is derived from proceeds traceable to wire fraud, in violation of Title 18, United States Code, Section 1344, as well as property involved in or traceable to money laundering transactions, in violation of Title 18, United States Code, Section 1956.  As such, the Defendant Funds are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(A).

3.    This Court has jurisdiction pursuant to Title 28, United States Code, Sections 1345 and 1355.  Venue is proper pursuant to Title 28, United States Code, Sections 1355(b) and 1395(b) because the actions giving rise to forfeiture took place in the Southern District of New York.

4.    The Defendant Funds are presently in the custody of the United States Secret Service ("USSS") and are being held in the United States Secret Service Suspense Account.

## II.  PROBABLE CAUSE FOR FORFEITURE

5.    On or about January 10, 2011, the Government sought and obtained a seizure warrant, authorized by United States Magistrate Judge Gabriel W. Gorenstein, for the seizure of the funds on deposit in the Quad Graph and Surface Accounts on the grounds that there was probable cause to believe that such funds were subject to forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(A), as property that constitutes

2

or is derived from proceeds traceable to wire fraud, in violation of Title 18, United States Code, Section 1344, as well as property involved in or traceable to money laundering transactions, in violation of Title 18, United States Code, Section 1956.

      6.   Condé Nast Publications ("Condé Nast") is a unit of Advance Publications, Inc., and publishes magazines such as Vogue, Glamour, GQ, Architectural Digest, Vanity Fair, Wired, and the New Yorker, amount others.  Condé Nast has its principal offices in New York.

      7.   According to a Form S-4 Registration Statement filed with the Securities Exchange Commission on or about March 5, 2010, on behalf of Quad/Graphics, Inc. (Quad/Graphics"), Quad/Graphics is a provider of print and related services, whose print products primarily include catalogs, consumer magazines, special interest publications, direct marketing materials and retail inserts.  Quad/Graphics's principal offices are located in Sussex, Wisconsin.

      8.   Condé Nast has a contract with Quad/Graphics to print Condé Nast publications.  In early November, Condé Nast received an "Electronic Payment Authorization" form by email at its offices in the Southern District of New York.  The form appeared to have been sent by Quad/Graphics.  The form requested that Condé Nast direct payments for Quad Graphics to the Quad

3

Graph Account, and provided account information. Condé Nast filled out the form and returned it by facsimile from its offices in the Southern District of New York to the facsimile number provided in the form.

9.    Following Condé Nast's receipt of the "Electronic Payment Authorization" form, Condé Nast started making payments for Quad/Graphics bills by ACH transfer from a Condé Nast account with JPMorgan Chase Bank in New York to the Quad Graph Account.

10.    On or about December 30, 2010, Condé Nast learned from Quad/Graphics that Quad/Graphics had not received any payments from Condé Nast since on or about November 17, 2010. Condé Nast further learned that Quad/Graphics had not changed its banking information.

11.    Quad/Graphics does not have any accounts with BBVA Compass Bank and did not send the "Electronic Payment Authorization" form to Condé Nast.

12.    The Quad Graph Account was opened on or about September 30, 2010, at a BBVA Compass Bank branch in Alvin, Texas. The account was opened by Andy Surface, who represented himself as the sole proprietor of Quad Graph and who was the sole signatory for the account.

13.    Account opening records for the Quad Graph Account include a "Certificate of Ownership for Unincorporated Business or Profession" that appears to have been filed with the County

4

Clerk of the County of Galveston, Texas.  The certificate identifies Andy Ray Surface as the owner of Quad Graph.  Quad Graph and Surface have the same address on County Road 133A in Alvin, Texas.

14.  Between on or about November 17, 2010, and on or about December 30, 2010, Condé Nast transferred approximately $8,005,880.95 to the Quad Graph Account.  An ACH transfer of approximately $36,550.93 to the Quad Graph Account was reversed, leaving a net amount of $7,969,330.02 tranferred by Condé Nast to the Quad Graph Account.

15.  On or about December 1, 2010, approximately $39,000.00 was transferred from the Quad Graph Account to the Surface Account.  On or about December 28, 2010, approximately $45,000.00 was transferred from the Quad Graph Account to the Surface Account.

III. CLAIMS FOR FORFEITURE

16.  The allegations set forth in paragraphs one through fifteen of this Verified Complaint are repeated and re-alleged as if fully set forth herein.

17.  Pursuant to Title 18, United States Code, Section 981(a)(1)(C) "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section

1956(c)(7) of this title)" is subject to forfeiture to the United States.

18.   "Specified unlawful activity," as defined in 18 U.S.C. §1956(c)(7) as "any act or activity constituting an offense listed in section 1961(1) of this title." 18 U.S.C. §1956(c)(7)(A).

19.   Section 1961(1) of the U.S.C. lists, among other offenses, violations of 18 U.S.C. § 1343 (wire fraud).

20.   By reason of the above, the Defendant Funds are subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) because there is probable cause to believe that it "constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity,'" namely, wire fraud in violation of 18 U.S.C. § 1343.

21.   Furthermore, pursuant to Title 18, United States Code, Section 981(a)(1)(A), "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956 . . . of this title, or any property traceable to such property," is subject to forfeiture to the United States.

22.   By reason of the above, the Defendant Funds are subject to forfeiture to the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(A) because there is probable cause to believe that the Defendant Funds constitute

property involved in money laundering or traceable to money laundering.

WHEREFORE, Plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant Funds and that all persons having an interest in the Defendant Funds be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant Funds to the United States of America for disposition according to the law, and that this Court grant Plaintiff such further relief as this court may deem just and proper, together with the costs and disbursements of this action.

Dated:   New York, New York
         March 30, 2011

                         PREET BHARARA
                         United States Attorney for the
                         Southern District of New York
                         Attorney for the Plaintiff
                         United States of America

              By:  _____
                         Michael D. Lockard
                         Assistant United States Attorney
                         One St. Andrew's Plaza
                         New York, NY 10007
                         (212) 637-2193
                         michael.lockard@usdoj.gov

<u>**VERIFICATION**</u>

STATE OF NEW YORK                        )
COUNTY OF NEW YORK                       )
SOUTHERN DISTRICT OF NEW YORK )


    FELTON L. JOSEPH, being duly sworn, deposes and says that he

is a Special Agent with the United States Secret Service, and, as

such, has responsibility for the within action; that he has read

the foregoing complaint and knows the contents thereof, and that

the same is true to the best of his own knowledge, information,

and belief.

    The sources of the deponent's information and the grounds

for his belief are his personal knowledge and the official

records and files of the United States Government.

Dated:  New York, New York
        March 30, 2011

                                    _____
                                    Felton L. Joseph
                                    Special Agent
                                    United States Secret Service


Sworn to before me this
30th day of March, 2011

_____
    Notary Public

        MARCO DASILVA
    Notary Public, State of New York
        No. 01DA6145603
    Qualified in Nassau County
My Commission Expires _May 8, 2014_